IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**CHARLES BRACKHAN**                                            **PETITIONER**
**Reg #19304-026**

**V.**                          **CASE NO. 2:18-CV-19-DPM-BD**

**GENE BEASLEY, Warden,**
**Federal Correctional Institution-Low,**
**Forrest City, Arkansas**                                     **RESPONDENT**


## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Judge D.P.

Marshall Jr. Either party may file written objections with the Clerk of Court within 14

days of the date of the Recommendation. Objections must be specific and must include

the factual or legal basis for the objection. An objection to a factual finding must identify

the finding of fact believed to be wrong and describe the evidence that supports that

belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if

no objections are filed, Judge Marshall may adopt this Recommendation without

independently reviewing the record.

### II.   Background:

Petitioner Charles Brackhan pleaded guilty to manufacturing marijuana,

discharging a firearm in furtherance of a drug trafficking crime, and being a drug user in

possession of a firearm. *Brackhan v. United States*, No. 16-CV-03071, 2016 WL

6267944, at 1 (C.D. Ill. Oct. 1, 2016). The district court sentenced Mr. Brackhan, consistent with the plea agreement, to a total term of 147 months' imprisonment. *Id*. at 3. Mr. Brackhan did not file a direct appeal. *Id*.

On March 14, 2016, Mr. Brackhan filed a motion to set aside or correct his sentence under 28 U.S.C. § 2255. *Id*. Mr. Brackhan complained that he was actually innocent of discharging a firearm in furtherance of a drug trafficking crime; that counsel provided ineffective assistance by advising him that there was no defense available and by failing to advise him of the elements of the crime; and that his plea was involuntary due to ineffective assistance of counsel. *Id*. The sentencing court denied the motion on grounds that Mr. Brackhan had not made a substantial showing of the denial of a constitutional right. *Id*. The court also denied a certificate of appealability. *Id*. Mr. Brackhan appealed, but the Seventh Circuit found that he had not made a substantial showing of the denial of a constitutional right and denied his appeal. *United States v. Brackhan*, No. 16-3071 (7th Cir. June 2, 2017).

Mr. Brackhan has now filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. He complains that he is actually and factually innocent; that 18 U.S.C. § 924(c) is unconstitutionally vague; that his plea bargain was unconstitutional; that he only fired his weapon in self-defense; that the police entered the property and seized marijuana without a warrant; that his conviction violated the double jeopardy clause; and that his counsel was constitutionally ineffective. (Docket entry #1 at 3-15) For relief, Mr. Brackhan asks this Court to vacate his sentence. (*Id*. at 15)

### III.    Jurisdiction:

This Court lacks jurisdiction over Mr. Brackhan's petition. Generally, a federal

inmate may challenge his conviction or sentence only with the sentencing court through a

motion to vacate, set aside or correct his sentence, under 28 U.S.C. § 2255. *Lopez-Lopez*

*v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957,

959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005)). A habeas corpus petition under

28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in

which the sentence is being carried out. *Matheny v. Morrison*, 307 F.3d 709, 711-712

(8th Cir. 2002).

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears

that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which

sentenced him, or that such court has denied him relief, unabridged unless it also appears that the

remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his

detention."  28 U.S.C. § 2255(e) (emphasis added).  The last clause is a provision

generally referred to as § 2255's "savings clause."  *Abdullah*, 392 F.3d at 959.

A petitioner who wishes to take advantage of the savings clause must demonstrate

that seeking relief from the sentencing court would be inadequate or ineffective.  *Lopez-*

*Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959).  But this exception is a

"narrowly circumscribed safety valve."  *United States ex rel. Perez v. Warden, FMC*

*Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869 (2002).

The fact that an individual is procedurally barred from filing a § 2255 motion does not

render the remedy inadequate or ineffective so as to permit a petitioner to file under

§ 2241. *Lopez-Lopez*, 590 F.3d at 907. Likewise, a § 2255 remedy is not deemed inadequate or ineffective merely because the claim was previously raised and rejected in a § 2255 motion; or because the petitioner was denied leave to file a second or successive § 2255 petition; or because a § 2255 petition is time-barred. *Id*.

Here, Mr. Brackhan challenged his federal sentence by filing a petition with the sentencing court. When he was denied relief, he appealed to the Seventh Circuit, which denied his appeal. Mr. Brackhan has not demonstrated that seeking relief from the sentencing court would be inadequate or ineffective.

## IV.   Conclusion:

The Court recommends that Judge Marshall summarily dismiss Mr. Brackhan's petition for writ of habeas corpus (#1), prior to service and without prejudice, for lack of jurisdiction.

DATED this 13th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE